**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SOLLY LEE MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-451-TCK-PJC |
| ) | |
| RANDALL G. WORKMAN, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 15). Petitioner filed a response to the motion (Dkt. # 20). Respondent filed a reply (Dkt. # 21), and Petitioner filed a surreply (Dkt. # 22). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

*BACKGROUND*

At the conclusion of a jury trial held in Ottawa County District Court, Case No. CF-2003-128, Petitioner Solly Lee Martin was convicted of Lewd Molestation, Attempted Forcible Oral Sodomy, Second Degree Rape, and three counts of Child Sexual Abuse. On August 6, 2004, the trial court sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years on the lewd molestation count, ten (10) years on the sodomy count, fifteen (15) years on the rape count, and life imprisonment on each of the sexual abuse counts, to be served consecutively.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA") where, on March 8, 2006, in Case No. F-2004-816, his convictions were affirmed. See Dkt. # 16, Ex. 1. However, the OCCA modified Petitioner's sentences to be served concurrently. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On October 25, 2007, Petitioner filed an application for post-conviction relief. See Dkt. # 16, Ex. 2. After the state district court denied post-conviction relief, Petitioner was granted a post-conviction appeal out of time by the OCCA. See id. On July 10, 2008, in Case No. PC-2008-202, the OCCA affirmed the denial of post-conviction relief. Id.

On July 13, 2009, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on June 6, 2006, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on June 6, 2006, and, absent a tolling event, a federal petition for writ of habeas corpus filed after June 6, 2007, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on July 13, 2009,[1] or more than two (2) years beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v.

---

[1] Under the prisoner mailbox rule, a document submitted by a prisoner is considered "filed" when it is delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988). Petitioner certified that he delivered his petition to prison authorities for mailing on July 9, 2009. See Dkt. # 1. Even if Petitioner is credited with filing his petition on July 9, 2009, it remains untimely.

Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was not filed until October 25, 2007, or more than four (4) months after the June 6, 2007, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on July 13, 2009, appears to be untimely.

In response to the motion to dismiss, Petitioner invokes the doctrine of equitable tolling. See Dkt. # 20, 22. He also asserts a claim of actual innocence. See Dkt. # 22. Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In response to the motion to dismiss, Petitioner claims that he was unable to file his federal petition for writ of habeas corpus prior to the one-year deadline because he "tried unsuccessfully for months to obtain the transcripts from his trial and subsequent direct appeal, and records from the

4

Oklahoma Department of Human Services that held key information necessary to perfect the petitioner's post-conviction application." See Dkt. # 20. He further claims that his untimeliness should be excused because he has pursued his claims *pro se* and "limited access to the prison's law library caused the petitioner excess hardship in perfecting and exhausting his state remedies." Id. Under the facts of this case, the Court finds that neither explanation offered by Petitioner entitles him to equitable tolling. First, an inmate's lack of state court records is not an "extraordinary circumstance" justifying equitable tolling.[2] Similarly, Petitioner's allegation concerning limited access to legal materials does not justify equitable tolling. Petitioner has not made a specific showing of restricted access to relevant materials, nor has he established that he otherwise diligently pursued his federal claims. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); West v. Kaiser, 7 Fed.Appx. 821, 2001 WL 218980 (10th Cir. 2001) (unpublished). Second, Petitioner has failed to show the diligence necessary for equitable tolling. Notably, he waited almost a full year after the OCCA affirmed the denial of post-conviction relief before he filed his federal habeas petition.

In his surreply (Dkt. # 22), Petitioner further claims entitlement to equitable tolling because he relied on inaccurate information concerning the one-year limitations period provided by an

---

[2] See United States v. Banuelos-Munoz, 182 F.3d 933, 1999 WL 314616 (10th Cir. May 19, 1999) (unpublished) (disallowing equitable tolling of the limitations period based on obstacles faced by the petitioner in obtaining a transcript in part because the facts supporting his claims had not depended on the transcript); see also United States v. Pedraza, 166 F.3d 349, 1998 WL 802283 (10th Cir. Nov. 18, 1998) (unpublished) (holding that a federal prisoner was not entitled to equitable tolling of the limitations period in 28 U.S.C. § 2255 based on the unavailability of a transcript); accord Brown v. Cain, 112 F.Supp.2d 585, 586-87 (E.D. La. 2000) (rejecting a claim of equitable tolling based on a delay in obtaining transcripts, as the petitioner had "experienced all the pretrial proceedings and the full trial; thus, the legal arguments should have been apparent to [him] without the transcripts"), *aff'd*, 239 F.3d 365, 2000 WL 1741564 (5th Cir. Nov.7, 2000) (unpublished); Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D. N.J. 1998) ("The delay in the receipt of free transcripts ... is not an 'extraordinary circumstance' justifying equitable tolling of the limitations period established by the AEDPA.").

"untrained" inmate law clerk and because he is actually innocent of the crimes for which he was convicted. However, neither the assistance received from an inmate law clerk nor his ignorance of the law relieves Petitioner of his personal responsibility to file within the one-year period. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). A claim of actual innocence may warrant equitable tolling, see Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327. Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted). In this case, Petitioner provides no new evidence in support of his claim of actual innocence. The lack of new reliable evidence coupled with Petitioner's lack of diligence precludes equitable tolling of the one-year limitations period based on a claim of actual innocence.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 15) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

DATED THIS 4th day of May, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE